# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

Alexander Otis Matthews

    v.                                      Case No. 17-cv-108-SM

Warden, FCI-Berlin

## REPORT AND RECOMMENDATION

Before the court for a preliminary review is pro se petitioner Alexander Otis Matthews's petition for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241. The matter is before the court to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to habeas corpus petitions filed under § 2241).

## Background

Matthews is an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), who has described himself as "a frequent filer in federal courts." See Pet., Matthews v. Warden, FCI Berlin, 16-cv-054-LM ("Matthews I"), (ECF No. 1). Following Bruce v. Samuels, 136 S. Ct. 627 (2016), the Federal Bureau of Prisons ("BOP") began implementing the in forma pauperis provisions of the Prison Litigation Reform Act ("PLRA"), in pertinent part, 28 U.S.C. § 1915(b)(2) in

Matthews's circumstances, by withdrawing essentially all of Matthews's available funds to pay his federal court filing fees. See Pet., Matthews I, (ECF No. 1).

Matthews follows a modified meatless diet that he alleges he cannot satisfy with the regular meals provided by BOP. While in prison, he has eaten rice, beans, and mackerel that he purchases from the commissary. He further asserts that BOP offers two types of non-meat substitutes at each meal: cottage cheese or soy patties. Matthews asserts that he cannot eat the cottage cheese because of a digestive condition, and that the soy patties are expired and too hard to eat. Because of the low balance in his inmate account, Matthews asserts he has been unable to buy food he wants from the commissary, so he frequently misses meals. Matthews further states that the lack of funds in his account makes it difficult to pay for email and phone calls to his family, and that he has been refused free copies of documents and has no means available to purchase stamps, copies, and the typing ribbon he needs to maintain his state and federal court cases. Matthews asserts that the depletion of his account to pay for his filing fees in federal cases violates his federal constitutional rights, has resulted in a denial of humane conditions of his confinement at FCI Berlin, and deprives him of his rights to access the court and

contact his family.

Matthews filed a similar petition in 2016, which this court dismissed as Matthews had failed to exhaust BOP remedies. See May 31, 2016 Order, Matthews I (ECF No. 7), approving May 18, 2016 Report and Recommendation ("R&R"), Matthews I (ECF No. 5). Matthews asserts here that prior to the initiation of this action, he completed the process of exhausting his BOP remedies on his claims. See Pet. (Doc. No. 1).

**Claims**

Construing the petition here (Doc. No. 1) liberally, and in light of matters alleged in the petition in Matthews I (ECF No. 1), the court identifies Matthews's claims as follows:

    1. The PLRA, 28 U.S.C. § 1915(b)(2), as implemented in his case, violates Matthews's First Amendment rights to petition the government for redress of grievances, as BOP's depletion of his inmate account retaliates against Matthews for filing federal cases while incarcerated.

    2. The PLRA, 28 U.S.C. § 1915(b)(2), as implemented in his case, violates Matthews's First and Fifth Amendment right of access to the courts, as BOP's depletion of his inmate account precludes Matthews from filing new cases and maintaining the cases he has filed.

    3. The PLRA, 28 U.S.C. § 1915(b)(2), as implemented in his case, violates Matthews's First Amendment rights to family association, as BOP's depletion of his inmate account precludes Matthews from making phone calls and maintaining email contact, at a level sufficient to maintain more than de minimis contact with his family.

> 4. The PLRA, 28 U.S.C. § 1915(b)(2), as implemented in his case, violates Matthews's Eighth Amendment rights, as BOP's depletion of his inmate account precludes Matthews from purchasing hygiene items and food from the prison commissary.

Matthews requests the following relief: (1) an order declaring 28 U.S.C. § 1915(b)(2) to be unconstitutional and directing Congress to amend it; and (2) an injunction restraining the BOP from making any further withdrawals from Matthews's inmate account to pay court filing fees under the PLRA.

## Discussion

I. Jurisdiction

Matthews's petition is brought pursuant to 28 U.S.C. § 2241, which authorizes this court to review whether a person is "in custody in violation of the Constitution or laws or treaties of the United States." Id. § 2241(c)(3). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," Muhammad v. Close, 540 U.S. 749, 750 (2004), while requests for relief "turning on circumstances of confinement," like Matthews's claims here, are more typically presented in civil rights actions. Id.

The First Circuit has taken the position that certain prison conditions challenges may be reviewed under § 2241. See

4

United States v. DeLeon, 444 F.3d 41, 59 (1st Cir. 2006) (if conditions of incarceration raise Eighth Amendment concerns, habeas corpus is available (dictum)); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977) ("Section 2241 provides a remedy for a federal prisoner who contests the conditions of his confinement." (dictum)). Assuming that, following that line of cases, this court could exercise jurisdiction under § 2241 over Matthews's claims, the court should nevertheless dismiss those claims for failure to state a claim upon which relief can be granted.

II. Retaliation

Claim 1 asserts that BOP's withdrawal of funds from his inmate trust account is undertaken in retaliation for his filing of federal cases. To state a claim that Matthews has suffered retaliation for engaging in protected conduct, Matthews must show: (1) that he engaged in conduct protected by the First Amendment; (2) that he suffered non-de minimis adverse action at the hands of prison officials; and (3) that there was a causal link between the exercise of his First Amendment rights and the adverse action taken. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011); Starr v. Dube, 334 F. App'x 341, 342 (1st Cir. 2009).

Matthews's retaliation claim fails as the causal element of that claim is missing. Under the PLRA, the obligation to pay the filing fee attaches when a prisoner "brings a civil action," 28 U.S.C. § 1915(b)(1), not afterwards. The withdrawal of funds to pay plaintiff's filing fee obligations is a ministerial step that implements that statutory requirement, as ordered by the court in each case Matthews filed. Lacking any allegation suggesting that the withdrawal of funds in his case was made with the intent to retaliate against him, Matthews cannot show that the 28 U.S.C. § 1915(b) as applied in his case, violated his right not to suffer retaliation for First Amendment activities. Accordingly, Claim 1 should be dismissed.

III. <u>Access to Courts</u>

Claim 2 alleges that the depletion of Matthews's inmate account, resulting from the implementation of the PLRA, violates his right of access to the courts. Matthews has not alleged facts suggesting that he has been actually injured in his ability to pursue any nonfrivolous claim, in a post-conviction proceeding or other civil rights matter that he had a right to litigate. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 352, 354-55 (1996). Furthermore, the PLRA filing fee requirement has been found not to violate prisoners' right of access to the courts. <u>See</u> <u>Blair</u>

v. Thompson, No. 5:16-CV-P35-TBR, 2017 WL 525496, at *2, 2017 U.S. Dist. LEXIS 17401, at *5 (W.D. Ky. Feb. 7, 2017) (citing cases), appeal docketed, No. 17-5294 (6th Cir. Mar. 14, 2017); see also Bruce, 136 S. Ct. at 633 ("The per-case approach [to assessing filing fees under the PLRA] more vigorously serves the statutory objective of containing prisoner litigation, while the safety-valve provision, [28 U.S.C. § 1915(b)(4)] ensures against denial of access to federal courts."). Accordingly, Claim 2 should be dismissed.

IV. Right of Association

Claim 3 asserts that the depletion of Matthews's inmate account to pay filing fees as required by the PLRA has rendered him unable to pay for the phone calls and emails he needs to maintain more than "negligible" contact with his family, in violation of Matthews's First Amendment right to familial association. Matthews has framed this claim as a challenge to the constitutionality of 28 U.S.C. § 1915(b).

"[F]reedom of association is among the rights least compatible with incarceration," and "[s]ome curtailment of that freedom must be expected in the prison context." Overton v. Bazzetta, 539 U.S. 126, 131 (2003). Here, Matthews does not allege that the depletion of his inmate account has had any

7

impact on his ability to receive family visitors, and he has pleaded facts indicating that he is able to make some phone calls. Furthermore, Matthews cannot show that his ability to correspond with his family by mail is restricted, as in Bruce v. Samuels, the Court noted that BOP provides stamps to inmates for that purpose:

> [A]nswering [plaintiff's] concern that the per-case approach [to collecting fees under the PLRA] could leave a prisoner without money for amenities, the Government points out that prisons . . . must furnish " 'paper and pen to draft legal documents' and 'stamps to mail them,'" . . . . Moreover, the Government notes, the Federal Bureau of Prisons (BOP) "goes beyond those requirements," providing inmates "articles necessary for maintaining personal hygiene," and free postage "not only for legal mailings but also to enable the inmate to maintain community ties."

136 S. Ct. at 632 (citations omitted). The curtailment of email and telephone access resulting from BOP's depletion of Matthews's inmate account does not violate his First Amendment rights, as Matthews retains substantial alternative means of exercising the right at issue. Cf. Riley v. O'Brien, No. 16-11064-LTS, 2016 U.S. Dist. LEXIS 120039, at *23, 2016 WL 8679258, at *8 (D. Mass. Sep. 6, 2016) "prison regulations, including restrictions on telephone access, do not infringe upon a prisoner's free speech rights if alternative means of exercising that right exist"); Holloway v. Magness, No. 5:07CV00088 JLH-BD, 2011 WL 204891, at *10, 2011 U.S. Dist.

8

LEXIS 6190, at *40 (E.D. Ark. Jan. 21, 2011) ("Although the Court does not doubt that [prisoner plaintiffs] would engage in more of the real-time, verbal communication afforded by telephone technology if prices were lower, the hardship they allege 'is not a constitutionally significant curtailment of the free speech and association guarantee, particularly given the limited nature of that right in prison settings.'" (citation and footnote omitted)), aff'd, 666 F.3d 1076 (8th Cir. 2012). Accordingly, Claim 3 should be dismissed.

V.  Eighth Amendment Violation

Claim 4 asserts that the implementation of the PLRA in Matthews's case, causing the depletion of his inmate account, subjects Matthews to unconstitutional conditions of confinement as he is unable to afford to buy such hygiene items as a comb and deodorant, and specific food he says he needs to maintain a meatless diet without skipping meals. An Eighth Amendment claim challenging the conditions of a prisoner's confinement has an objective and subjective component. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective component of a prison conditions claim, the deprivations alleged must be "extreme." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Nothing alleged in the petition indicates that the deprivations alleged by

9

petitioner are "extreme," or that any BOP officials implementing the PLRA acted with deliberate indifference to his health or safety, in depleting his inmate account in a manner limiting his ability to buy certain commissary items. Cf. Riley, 2016 U.S. Dist. LEXIS 120039, at *28, 2016 WL 8679258, at *9 ("Claims concerning canteen prices do not have constitutional implications because prisoners have no right to use of a prison commissary."). Accordingly, Claim 4 should be dismissed.

## Conclusion

For the foregoing reasons, Matthews's § 2241 petition (Doc. No. 1) should be dismissed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 25, 2017

cc: Alexander Otis Matthews, pro se
    Seth R. Aframe, Esq.