**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

<u>Alexander Otis Matthews</u>

    v.                                Civil No. 17-cv-108-SM

<u>Warden, FCI-Berlin</u>

## <u>REPORT AND RECOMMENDATION</u>

Before the court for preliminary review is pro se petitioner Alexander Otis Matthews's petition for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, and petition addenda (Doc. Nos. 8, 10) asserting facts pertinent to Matthews's claims. The matter is before the court to determine whether the petition and addenda state facially valid claims that may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); <u>see also</u> § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to petitions filed under § 2241).

## <u>Background</u>

Matthews was an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") when he filed this petition. He notified this court in October 2017 that he has been transferred to a Federal Bureau of Prisons ("BOP") facility in Pennsylvania. <u>See</u> Not. (Doc. No. 11).

Matthews has described himself as "a frequent filer in federal courts." See Pet., Matthews v. Warden, FCI Berlin, 16-cv-054-LM ("Matthews I") (ECF No. 1).  As Matthews has proceeded in forma pauperis in a number of civil cases he has filed, he has incurred a number of filing fees in those matters which must be paid in full, by deductions from his inmate account, pursuant to the in forma pauperis provisions of the Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915(b).

Following the Supreme Court's decision in Bruce v. Samuels, 136 S. Ct. 627 (2016), the BOP implemented the provisions of § 1915(b)(2) by withdrawing all but $10.00 of Matthews's available funds each month to pay his federal court filing fees. See Pet., Matthews I, (ECF No. 1); see also Doc. No. 10, at 3.

Matthews follows a modified meatless diet that he alleges he cannot satisfy with the regular meals provided by BOP.  While in prison, he has eaten rice, beans, and mackerel that he purchases from the commissary.  He states that two types of non-meat substitutes have been available in the FCI Berlin cafeteria: cottage cheese and soy patties.  Matthews asserts that he cannot eat cottage cheese because of a digestive condition, and that the soy patties are expired and too hard to eat.  He further claims that at some meals at FCI Berlin, the kitchen staff has not prepared any non-meat substitute.  Because

of a low balance in his inmate account, Matthews asserts he was
unable to buy food he wanted from the commissary at FCI Berlin,
so he missed meals or parts of meals six or seven times per
week.

Matthews further states that the lack of funds in his
inmate account made it difficult at FCI Berlin to pay for
stamps, email, phone calls, typing ribbon, and copies he needed
to maintain his state and federal court cases and to communicate
with his family.  He asserts that FCI Berlin Camp Counselor S.
Seymour told Matthews that Matthews was not considered to be an
indigent inmate since his own conduct in filing cases resulted
in his lack of available funds, and that even if he had been
deemed indigent, he would receive only five free stamps per
month for personal mail and five per month for legal mail.

## Claims

Construing Matthews's initial filings here (Doc. Nos. 1, 8,
10) liberally, and in light of matters alleged in the petition
in Matthews I (ECF No. 1), the court identifies Matthews's
claims as follows:

> 1.    The PLRA, 28 U.S.C. § 1915(b)(2), as implemented
> in his case, violates Matthews's First and Fifth Amendment
> right of access to the courts, as the BOP's depletion of
> his inmate account precludes Matthews from filing new cases
> and maintaining cases he has filed.

    2.    The PLRA, 28 U.S.C. § 1915(b)(2), as implemented in his case, violates Matthews's First Amendment rights to family association, as the BOP's depletion of his inmate account precludes Matthews from making phone calls, sending letters, and maintaining email contact, at a level sufficient to maintain more than de minimis contact with his family.

    3.    The PLRA, 28 U.S.C. § 1915(b)(2), as implemented in his case, violates Matthews's Eighth Amendment rights, as the BOP's depletion of his inmate account precludes Matthews from purchasing hygiene items and food from the prison commissary.

Matthews requests the following relief: (1) an order declaring 28 U.S.C. § 1915(b)(2) to be unconstitutional and directing Congress to amend it; and (2) an injunction restraining the BOP from making any further withdrawals from Matthews's inmate account to pay court filing fees under the PLRA.

## Discussion

## I.   Jurisdiction

Matthews's petition is brought pursuant to 28 U.S.C. § 2241, which authorizes this court to review whether a person is "in custody in violation of the Constitution or laws or treaties of the United States." Id. § 2241(c)(3). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," Muhammad v. Close, 540 U.S. 749, 750 (2004), while requests for relief

"turning on circumstances of confinement," like Matthews's claims here, are more typically presented in civil rights actions.  Id.

The First Circuit has taken the position that certain prison conditions challenges may be reviewed under § 2241.  See United States v. DeLeon, 444 F.3d 41, 59 (1st Cir. 2006) (if conditions of incarceration raise Eighth Amendment concerns, habeas corpus is available (dictum)); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977) ("Section 2241 provides a remedy for a federal prisoner who contests the conditions of his confinement." (dictum)).  Assuming that, following that line of cases, this court could exercise jurisdiction under § 2241 over Matthews's claims, the court should nevertheless dismiss those claims for reasons stated below.

## II.  Access to Courts

Claim 1 alleges that the depletion of Matthews's inmate account, resulting from the implementation of the PLRA, violates his right of access to the courts.  The PLRA filing fee requirement has been found not to violate prisoners' right of access to the courts.  See Blair v. Thompson, No. 5:16-CV-P35-TBR, 2017 WL 525496, at *2, 2017 U.S. Dist. LEXIS 17401, at *5 (W.D. Ky. Feb. 7, 2017) (citing cases); see also Bruce, 136 S. Ct. at 633 ("The per-case approach [to assessing filing fees

under the PLRA] more vigorously serves the statutory objective of containing prisoner litigation, while the safety-valve provision [28 U.S.C. § 1915(b)(4)], ensures against denial of access to federal courts." (citation omitted)).

Furthermore, Matthews has not alleged facts to state a claim that he has been actually injured in his ability to pursue any nonfrivolous claim in a post-conviction proceeding or other civil rights matter that he had a right to litigate. See Lewis v. Casey, 518 U.S. 343, 352, 354-55 (1996). Matthews's citation to orders that have since been vacated in this case and in his case against the FBI do not suggest that he has suffered actual injury in those matters. See July 27, 2017 Order (Doc. No. 9) (vacating dismissal); Matthews v. FBI, No. 1:15-cv-00569-RDM (D.D.C. Jan. 30, 2018) (ECF No. 44) (vacating dismissal). Matthews's reference in Document No. 8 to three "non-frivolous" civil rights actions he asserts he could not file since January 2016 includes a legal conclusion unsupported by any factual assertions regarding the nature of those cases. Cf. Christopher v. Harbury, 536 U.S. 403, 415 (2002) ("[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Stripped of such legal conclusions, Claim 1 fails to state a

claim and should be dismissed.

## III. **Right of Association**

Claim 2 asserts that the depletion of Matthews's inmate account to pay filing fees has rendered him unable to pay for the letters, phone calls, and emails he needs to maintain more than "negligible" contact with his family, in violation of Matthews's First Amendment right to familial association. Matthews has framed this claim as a challenge to the constitutionality of 28 U.S.C. § 1915(b).

"[F]reedom of association is among the rights least compatible with incarceration," and "[s]ome curtailment of that freedom must be expected in the prison context." Overton v. Bazzetta, 539 U.S. 126, 131 (2003).

> A plaintiff must make two showings to succeed on a familial-association claim: "(1) that the defendants intended to deprive him of his protected relationship, and (2) that balancing the individual's interest in the protected familial relationship against the state's interests in its actions, defendants either unduly burdened plaintiff's protected relationship, or effected an unwarranted intrusion into that relationship."  In addition, "[t]he conduct or statement must be directed at the familial relationship with knowledge that the statements or conduct will adversely affect that relationship."

Leek v. Miller, 698 F. App'x 922, 927 (10th Cir. 2017) (citations omitted) (emphasis in original).

Matthews has failed to plead any facts suggesting that any

BOP officer who has depleted his inmate account either had the knowledge that doing so would interfere with his familial relations, or the intent to do so, and he failed to plead any facts showing that the depletion of Matthews's inmate account was directed at Matthews's familial relationship.  Moreover, the curtailment of email and telephone access resulting from BOP's depletion of Matthews's inmate account does not violate his First Amendment rights, to the extent that Matthews retains substantial alternative means of exercising the right at issue. See Riley v. O'Brien, No. 16-11064-LTS, 2016 U.S. Dist. LEXIS 120039, at *23, 2016 WL 8679258, at *8 (D. Mass. Sep. 6, 2016) "prison regulations, including restrictions on telephone access, do not infringe upon a prisoner's free speech rights if alternative means of exercising that right exist"); Holloway v. Magness, No. 5:07CV00088 JLH-BD, 2011 WL 204891, at *10, 2011 U.S. Dist. LEXIS 6190, at *40 (E.D. Ark. Jan. 21, 2011) ("Although the Court does not doubt that [prisoner plaintiffs] would engage in more of the real-time, verbal communication afforded by telephone technology if prices were lower, the hardship they allege 'is not a constitutionally significant curtailment of the free speech and association guarantee, particularly given the limited nature of that right in prison settings.'" (citation and footnote omitted)), aff'd, 666 F.3d

1076 (8th Cir. 2012).  While Matthews has alleged that at FCI Berlin he was not given free stamps, Matthews does not allege that the depletion of his inmate account had any impact on his ability to receive family visitors at FCI Berlin, and he has indicated that he could make some phone calls.  Nothing suggests that the $10.00 left per month in Matthews's account could not be prioritized as he wished.  Accordingly, Claim 2 should be dismissed.

## IV.  <u>Eighth Amendment Violation</u>

Claim 3 asserts that the implementation of the PLRA in Matthews's case, causing the depletion of his inmate account, subjected Matthews to unconstitutional conditions of confinement as he was unable to afford to buy such hygiene items as a comb and deodorant, and specific food he says he needed to maintain a meatless diet without skipping six or seven meals or parts of meals per week at FCI Berlin.  An Eighth Amendment claim challenging the conditions of a prisoner's confinement has an objective and subjective component.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).  To satisfy the objective component of a prison conditions claim, the deprivations alleged must be "extreme." <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).  Nothing in the petition indicates that the deprivations alleged by petitioner are "extreme," or that any BOP officials responsible for

withdrawing filing fee payments from his inmate account acted with deliberate indifference to his health or safety. Accordingly, Claim 3 should be dismissed.

## Conclusion

For the foregoing reasons, Matthews's § 2241 petition (Doc. No. 1) should be dismissed.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


Andrea K. Johnstone
United States Magistrate Judge

February 26, 2018

cc:  Alexander Otis Matthews, pro se
     Seth R. Aframe, Esq.